United States District Court
Southern District of Texas
**ENTERED**
August 16, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDREA GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-113 |
| | § | |
| METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, et al., | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 30, 2019, Plaintiff Andrea Garcia filed suit against Defendants Metropolitan Life Insurance Company, c/o Bayview Loan Servicing L.L.C. ("Metropolitan Life") and Substitute Trustee Connie Cobb ("Cobb") in the 103rd District Court in Cameron County, Texas. Dkt. No. 1-5. Garcia's claims revolve around her home mortgage and preventing Defendants from foreclosing on her home. Id.

On June 25, 2019, Metropolitan Life timely removed the case to this Court. Dkt. No. 1. Metropolitan Life alleged that diversity jurisdiction exists in this case and that the non-diverse defendant, Cobb, was improperly joined. Id.

On July 8, 2019, Garcia filed a motion to remand. Dkt. No. 5. Garcia argues that the amount in controversy has not been met and that she has stated a claim to relief against Cobb, destroying diversity jurisdiction. Id. On July 29, 2019, Metropolitan Life filed a response. Dkt. No. 7.

After reviewing the record and the relevant case law, the Court concludes that diversity jurisdiction is present in this case. The amount in controversy exceeds $75,000, and Cobb was improperly joined as a defendant. Accordingly, the motion for remand should be denied.

**I. Background**

    **A. Factual Background**

On November 26, 2002, Garcia executed a promissory note for $119,700, to purchase a home in Cameron County, Texas. Dkt. No. 1-5, p. 3. Garcia made some late payments in subsequent years, which were accepted by Metropolitan Life; but, when she "stayed behind on a few payments," Metropolitan Life "refused to take late payments." Id., p. 4. Garcia alleges that she "has never received a demand letter" from Metropolitan Life, to put her "on notice of [any] demand for late payments or intent to accelerate if not cured." Id.

    **B. Procedural History**

On May 30, 2019, Garcia filed suit against Metropolitan Life and Cobb in the 103rd District Court in Cameron County, Texas. Dkt. No. 1-5. Garcia seeks injunctive relief to prevent any foreclosure or loss of the home, as well as damages based on mental anguish and loss of credit. Id. The complaint noted that there was a foreclosure sale set for June 4, 2019. Id., p. 4.

On that same day, May 30, 2019, the 103rd District Court issued a temporary restraining order, preventing the Defendants from foreclosing on the home. Dkt. No. 1-7.[1]

On June 25, 2019, Metropolitan Life timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. Garcia is a citizen of Texas and Metropolitan Life is a citizen of New York. Id., p. 4. While Cobb is a citizen of Texas – which would normally defeat diversity jurisdiction – Metropolitan Life asserts that Cobb is not a properly joined defendant in this case. Id. Metropolitan Life argues that Garcia has failed

---

[1] Under Texas law, an ex-parte temporary restraining order expires after fourteen days or the date that the state court holds a hearing on the matter. Tex. R. Civ. P. 680. The order was issued on May 30, 2019. No hearing was held in state court on the restraining order, because the case was removed to this Court before the hearing date. See Dkt. No. 1-12 (setting the hearing for June 26, 2019; the case was removed on June 25). Given that no hearing was held, the state court order expired on June 13, 2019, which was 14 days after it was issued. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law."). There is no indication in the record that a new foreclosure sale has been scheduled.

to establish a cause of action against Cobb because, as the substitute trustee, Cobb is statutorily exempt from suit unless the plaintiff pleads facts showing that the trustee acted in bad faith. Id, p. 6. Metropolitan Life also included evidence of the property's value, showing that the Cameron County Appraisal District values the property at $154,677. Dkt. No. 1-14.

On July 8, 2019, Garcia filed a motion to remand, making three arguments: (1) "this lawsuit does not involve a federal question"; (2) "the parties are not divers[e]"; and (3) "the amount in controversy is less than $75,000, excluding interest and costs." Dkt. No. 5.

On July 29, 2019, Metropolitan Life filed a response, arguing that diversity jurisdiction exists because (1) Cobb was improperly joined; and (2) the amount in controversy is determined by the value of the property, which in this case, exceeds $75,000. Dkt. No. 7.

Garcia did not file a reply brief.

## II. Applicable Law

### A. Diversity Jurisdiction

United States District Courts have original jurisdiction in civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The record is clear that Garcia is a citizen of Texas; that Cobb is also a citizen of Texas; and that Metropolitan Life is a citizen of New York. The dispute centers upon (1) whether Garcia has a reasonable chance of recovery against Cobb and, thus, whether Cobb was properly joined as a defendant; and (2) whether the amount in controversy exceeds $75,000.

### B. Removal

As noted, the Court has "original jurisdiction" in cases premised upon diversity jurisdiction. § 1332(a)(1). Furthermore, where a district court has "original jurisdiction" under federal law, such cases "shall be removable" to federal court. 28 U.S.C. § 1441(a)-(b).

The party seeking removal bears the burden of showing that jurisdiction exists, and that removal is proper. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).

Jurisdiction is determined by examining the claims in the state court petition at the time of removal. Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

### C. Improper Joinder

Under the improper joinder doctrine, a party may not defeat federal jurisdiction by naming as a defendant an improperly-joined non-diverse entity or individual. Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). There are two ways to establish that a defendant has been improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Cuevas v. BAC Home Loans Servicing, LP, 648 F.3d 242 (5th Cir. 2011) (quoting Smallwood v. Illinois Cent. R. Co., 385 F.3d 568, 572 (5th Cir. 2004)). No fraud in pleading the jurisdictional facts has been alleged in this case, and none is otherwise evident. Accordingly, the first test is inapplicable here.

As to the second test, the question is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Cuevas, 648 F.3d at 249 (quoting Smallwood, 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." Smallwood, 385 F.3d at 573. All "contested issues of fact and any ambiguities of state law must be resolved" in favor of the party opposing removal. Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003). Nevertheless, "a 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder." Smallwood, 385 F.3d at 573 n. 9 (quoting Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 n. 4 (5th Cir. 2000)).

"[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 405 (5th Cir. 2004). The summary inquiry "is appropriate only to identify the presence of

discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Smallwood, 385 F.3d. at 573-74 (emphasis added); see also Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746, 751 (5th Cir. 1996) (endorsing the use of a "summary judgment-like procedure" to "pierce the pleadings" in order to make a summary determination).

### D. Motion to Dismiss under § 12(b)(6)

As previously noted, improper joinder employs the same analysis as a Rule 12(b)(6) motion to dismiss. Smallwood, 385 F.3d at 573. "[A] 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits." Ferrer v. Chevron Corp., 484 F.3d 776, 782 (5th Cir. 2007).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Consistent with this requirement, "plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." City of Clinton v. Pilgrim's Pride Corp., 632 F.3d 148, 152-53 (5th Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 589. "[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." McConathy v. Dr Pepper/Seven Up Corp., 131 F.3d 558, 561 (5th Cir. 1998).

Whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

5

### E. Substitute Trustee

Under Texas law, a substitute trustee "exercising the authority to foreclose in accordance with the terms of a deed of trust does not act merely as an agent or employee of the lienholder but has a separate capacity with a particular legal responsibility." Peterson v. Black, 980 S.W.2d 818, 822 (Tex. App. 1998). "The trustee becomes a special agent for both the debtor and the lienholder and must act with absolute impartiality and fairness in conducting a foreclosure." Id. The substitute trustee "must conduct a foreclosure sale fairly and not discourage bidding by acts or statements made before or during the sale." Id.

Under Texas law, a substitute trustee "shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Tex. Prop. Code § 51.007(f). "Where the plaintiff did not allege bad faith on the part of the defendant, courts have held that substitute trustees were improperly joined for the purposes of establishing diversity jurisdiction." Williams v. Wells Fargo Bank, No. 4:13-CV-825, 2014 WL 1024003, at *5 (S.D. Tex. Mar. 13, 2014) (quoting Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP, No. G–12–188, 2013 WL 1619691, at *3 (S.D. Tex. March 22, 2013)).

### F. Amount in Controversy

Metropolitan Life bears the burden of proving, by a preponderance of the evidence, that the amount in controversy, at the time of removal, exceeds $75,000. Gebbia v. Wal–Mart Stores, Inc., 233 F.3d 880, 882–83 (5th Cir. 2000). If the state court petition does not ask for a sum certain, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." Id. The Court notes that under Texas law, plaintiffs only plead a range of damages. TEX. R. CIV. P. 47(b).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Farkas v. GMAC Mortg., L.L.C., 737 F.3d 338, 341 (5th Cir. 2013) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). In a mortgage foreclosure case, the

6

amount in controversy is determined by the value of the property at issue. Farkas, 737 F.3d at 341.

## III. Analysis

Garcia has filed a motion to remand and has made three arguments in favor of remand: (1) no federal question jurisdiction is present; (2) the parties are not diverse; and (3) the amount in controversy has not been satisfied. For the reasons set out below, each of these arguments fail, for which reason remand should be denied.

### A. Federal Question

Garcia asserts that remand is required because the case does not present a federal question. This argument lacks merit.

A case may be removed from state to federal court if either a federal question is presented in the complaint or if diversity jurisdiction exists. 28 U.S.C. § 1441(a)-(b). The presence of either is sufficient; the statute does not require that both be present. Id.

Metropolitan Life has asserted that diversity jurisdiction exists and concedes that there is no federal question jurisdiction in this case. Dkt. No. 7. The former requires that no defendant have the same citizenship as Garcia and that the amount in controversy exceeds $75,000. § 1332(a)(1). Thus, the Court must examine both elements.

### B. Improper Joinder

Garcia asserts that diversity jurisdiction is not present because Cobb's presence in the case destroys diversity jurisdiction. This point is unavailing, if Cobb has been improperly joined in this case. As previously noted, the key test for improper joinder is whether Garcia has a reasonable possibility of recovery against Cobb. Cuevas, 648 F.3d at 247.[2]

Garcia's complaint contains no factual allegations as to any wrongdoing by Cobb. Indeed, the complaint indicates that the foreclosure sale has not yet occurred. At the time that the complaint was filed, the foreclosure sale was less than a week away, but the state court issued a TRO which halted the sale. There is no indication in the record that the

---

[2] Nothing in this report and recommendation is to be construed to address any substantive claims made against Metropolitan Life.

7

foreclosure sale has been re-scheduled. Cobb's role as substitute trustee is to "act with absolute impartiality and fairness in conducting a foreclosure." Peterson, 980 S.W.2d at 822. Given that no foreclosure has taken place, it would appear that there has been no wrongdoing by Cobb, much less any actions taken in bad faith. See Williams, 2014 WL 1024003, at *5 ("even if all facts alleged by the Plaintiffs are assumed to be true, Plaintiffs cannot maintain a plausible action against the Substitute Trustees."). Indeed, Garcia has pled no wrongdoing by Cobb.

The fact that any injunctive relief may be directed at the substitute trustee – to enjoin a foreclosure sale – does not make Cobb a properly joined defendant. Under Texas law, a request for injunctive relief is not a substantive claim, but rather a form of equitable relief, which requires a viable underlying cause of action against a defendant. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). No such substantive cause of action has been pled against Cobb.

If injunctive relief is appropriate in this case, it would be based upon the allegedly tortious actions of Metropolitan Life. "The fact that it might also incidentally result in an enjoining of [. . .] substitute trustees is not relevant for diversity jurisdiction purposes." Cook v. Wells Fargo Bank, N.A., No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). In other words, the fact that a hypothetical injunction may prevent Cobb from carrying out a foreclosure sale does not transform Cobb into a properly joined defendant. Any claim against Cobb would have to be based upon wrong doings by Cobb. Id. None have been alleged.

Accordingly, the Court should dismiss Cobb as a defendant in this case, because she was improperly joined. Michels v. Safeco Ins. Co. of Indiana, 544 F. App'x 535, 539 (5th Cir.2013) (unpubl.) (noting that when the Court finds improper joinder in a motion to remand, the improperly joined defendant should be dismissed).

Without Cobb's presence in this case, complete diversity of citizenship exists between the parties. The Court now turns to whether the amount in controversy has been satisfied.

### C. Amount in Controversy

Garcia asserts that the amount in controversy has not been satisfied in this case. This assertion is incorrect.

As previously noted, in a mortgage foreclosure case, the amount in controversy is determined by the value of the property at issue. Farkas, 737 F.3d at 341. In its removal petition, Metropolitan Life included a copy of the Cameron County Appraisal District's valuation of the home at $154,677. Dkt. No. 1-14. The Fifth Circuit has stated that the home value provided by a county appraisal district "is a common way the amount-in-controversy requirement is proven in the numerous foreclosure cases that have been removed to federal court in recent years." Statin v. Deutsche Bank Nat. Tr. Co., 599 F. App'x 545, 546 (5th Cir. 2014). Accordingly, the Court finds that Metropolitan Life has satisfied its burden of establishing that the amount in controversy exceeds $75,000.

Because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, diversity jurisdiction is present in this case. Accordingly, the motion to remand should be denied.

## IV. Recommendation

It is recommended that the motion to remand filed by Plaintiff Andrea Garcia be denied. Dkt. No. 5.

The parties have fourteen days (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

      DONE at Brownsville, Texas, on August 16, 2019

                                       _____
                                       Ronald G. Morgan
                                       United States Magistrate Judge