Case 1:19-cv-00113 Document 17 Filed on 01/27/20 in TXSD Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
January 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDREA GARCIA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-113 |
| | § | |
| METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, et al., | § | |
|     Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 30, 2019, Plaintiff Andrea Garcia filed a complaint in the 103rd District Court in Cameron County, Texas. Dkt. No. 1-5. Garcia sued Defendants Metropolitan Life Insurance Company c/o Bayview Loan Servicing, LLC ("Metropolitan Life") and Connie Cobb[1] for claims relating to the pending foreclosure of her home.

On June 25, 2019, the case was removed to this Court. Dkt. No. 1.

On December 13, 2019, Metropolitan Life filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 13. Garcia has filed a response. Dkt. No. 16.

After reviewing the record and the relevant caselaw, it is recommended that the motion to dismiss be granted. It is further recommended that the Court issue an order for Juan Angel Guerra to show cause, pursuant to FED. R. CIV. P. 11(c)(3), as to why he should not be sanctioned for repeatedly filing meritless complaints.

## I. Background

On November 6, 2002, Garcia executed a promissory note with an original principal of $119,700. Dkt. No. 1-5, p. 3. The note was used to purchase a home on Mississippi Street in Harlingen, Texas. Id. Garcia was required to pay $1,4000 monthly. Id.

"[D]ue to unexpected circumstances," Garcia fell behind on her payments. Dkt. No. 1-5, p. 4. Metropolitan Life "refused to take late payments," even though they had

---

[1] Cobb was previously found to have been improperly joined as a Defendant in this case. Dkt. Nos. 8, 9.

previously "established a course of dealing with Plaintiff of accepting [Garcia's] late payments." Id. Garcia alleges that Metropolitan Life never sent her a letter with a "notice of demand for late payments or intent to accelerate if not cured." Id. She also alleges that she was not given her right to "a cure period." Id.

A foreclosure sale was scheduled for June 4, 2019. Dkt. No. 1-5, p. 4.

On May 30, 2019, Garcia filed a complaint in the 103rd District Court in Cameron County, Texas. Dkt. No. 1-5. In that complaint, Garcia alleges that Metropolitan Life violated the Home Affordable Modification Program ("HAMP"), a government program designed to help homeowners renegotiate their mortgage agreements. Id., p. 6. Garcia also alleges that because Metropolitan Life previously accepted late payments, they had waived acceleration of the note with their actions. Id., p. 7. Garcia also alleged that Metropolitan Life failed to send a notice of default and intent to accelerate, in violation of Texas law. Id., p. 8. Garcia sought relief against Metropolitan Life and Connie Cobb, the substitute trustee for the foreclosure proceedings. Id.

On that same day, May 30, 2019, the 103rd District Court issued a temporary restraining order, preventing the Defendants from foreclosing on the home. Dkt. No. 1-7.[2]

On June 24, 2019, Metropolitan Life filed an answer in state court. Dkt. No. 1-13.

On June 25, 2019, Metropolitan Life timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. Garcia is a citizen of Texas and Metropolitan Life is a citizen of New York. Id., p. 4. While Cobb is a citizen of Texas – which would normally defeat diversity jurisdiction – Metropolitan Life asserted that Cobb is not a properly joined defendant in this case. Id. Metropolitan Life also included evidence of the

---

[2] Under Texas law, an ex parte temporary restraining order expires after fourteen days or the date that the state court holds a hearing on the matter. TEX. R. CIV. P. 680. The order was issued on May 30, 2019. No hearing was held in state court on the restraining order, because the case was removed to this Court before the hearing date. See Dkt. No. 1-12 (setting the hearing for June 26, 2019; the case was removed on June 25). Given that no hearing was held, the state court order expired on June 13, 2019, which was 14 days after it was issued. See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974) ("An ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law."). There is no indication in the record that a new foreclosure sale has been scheduled.

property's value, showing that the Cameron County Appraisal District values the property at $154,677. Dkt. No. 1-14.

On July 8, 2019, Garcia filed a motion to remand, making three arguments: (1) "this lawsuit does not involve a federal question"; (2) "the parties are not divers[e]"; and (3) "the amount in controversy is less than $75,000, excluding interest and costs." Dkt. No. 5.

On August 16, 2019, the undersigned issued a report and recommendation, which recommended that the motion to remand be denied. Dkt. No. 8.  On September 10, 2019, the district judge adopted the report and recommendation, denying the motion to remand. Dkt. No. 9.

On December 13, 2019, Metropolitan Life filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6).[3] Dkt. No. 13.  Metropolitan Life argues that Garcia:  (1) does not have a private right of action for lack of notice of default; (2) cannot sustain a wrongful foreclosure claim as a matter of law; (3) that the Deed of Trust has a non-waiver provision which negates any waiver claim; (4) there is no private right of action under HAMP; and (5) has no right to injunctive relief. Id.

After Garcia failed to timely file a response, the Court issued an order for Garcia to show cause why the Court should not consider the motion to dismiss to be unopposed. Dkt. No. 15.

On January 21, 2020, Garcia filed a response to the show cause order and the motion to dismiss. Dkt. No. 16.  Garcia asserts that she has stated a plausible claim to relief. Id.

---

[3] The motion to dismiss was filed after an answer was filed, thus — technically — it was untimely filed. Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) ("Because a rule 12(b) motion must be filed before responsive pleadings, the appellees' motion was untimely."). However, an untimely filed Rule 12(b)(6) motion can be treated as a Rule 12(c) motion for judgment on the pleadings. Id. A motion to dismiss under Rule 12(b)(6) is subject to the same standard as a motion for judgment on the pleadings under Rule 12(c). Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 313 n. 8 (5th Cir. 2002).  Accordingly, the Court will consider the motion to be one for judgment on the pleadings, but will refer to the motions interchangeably.

**II. Applicable Law**

    **A. Motion to Dismiss**

As noted earlier in footnote 2, supra, the Court is considering Metropolitan Life's motion to dismiss to be a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Whether examined as a motion to dismiss or motion for judgment on the pleadings, the applicable standard is the same. Great Plains Trust Co., 313 F.3d at 313 n. 8. Accordingly, the Court must examine those standards.

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)) (internal quotation marks omitted). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Unless the Court specifically holds otherwise, dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**III. Analysis**

As the Court reads the complaint, Garcia makes three claims: (1) Metropolitan Life violated the HAMP rules; (2) Metropolitan Life waived acceleration of the note by previously accepting late payments; (3) Metropolitan Life failed to send a notice of default and intent to accelerate, in violation of Texas law. Each of these claims is meritless as a matter of law.

**A. HAMP**

Garcia alleges that Metropolitan Life violated the HAMP rules when it was unwilling to renegotiate the mortgage agreement. "Under HAMP, individual loan servicers voluntarily enter into contracts with Fannie Mae, acting as the financial agent of the United States, to perform loan modification services in exchange for certain financial incentives." Nevada v. Bank of Am. Corp., 672 F.3d 661, 665 (9th Cir. 2012). However, "HAMP affords no private right of action." Pennington v. HSBC Bank USA, N.A., 493 F. App'x 548, 552 (5th Cir. 2012); Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 559 (7th Cir. 2012) (HAMP "does not provide borrowers a private federal right of action against servicers to enforce it"); Nivia v. Nation Star Mortg., LLC, 620 F. App'x 822, 825 (11th Cir. 2015) (no private right of action is available under" HAMP); Holloway v. Wells Fargo Bank, N.A., No. 3:12-CV-2184-G BH, 2013 WL 1187156, at *14 (N.D. Tex. Feb. 26, 2013), report and recommendation adopted, No. 3:12-CV-2184-G BH, 2013 WL 1189215 (N.D. Tex. Mar. 22, 2013) (same); Luna v. Bank of Am., N.A., No. A-12-CV-537 LY, 2013 WL 12106213, at *4 (W.D. Tex. Sept. 11, 2013), report and recommendation adopted, No. A-12-CV-537-LY, 2013 WL 12109010 (W.D. Tex. Oct. 25, 2013) (same); King v. HSBC Bank USA, N.A., SA–12–CV–592–XR, 2012 WL 3204190, at *3 (W.D. Tex. Aug. 3, 2012) (collecting cases).

Stated simply, there is no cause of action and this claim should be dismissed with prejudice.

**B. Waiver of Acceleration**

Garcia next argues that Metropolitan Life waived acceleration of the note by previously accepting late payments. This claim is similarly meritless.

The Deed of Trust[4] includes an express anti-waiver provision, which states that the "Lender may accept any payment or partial payment insufficient to bring the Loan current,

---

[4] When deciding a motion to dismiss, the Court must ordinarily not consider matters outside of the complaint. However, "when considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." Maloney Gaming Management, L.L.C. v. St. Tammany Parish, 456 Fed. App'x. 336, 340–341 (5th Cir. 2011) (unpubl.) (citing In re Katrina

5

without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted." Dkt. No. 13-1, p. 5. Thus, the provision directly addresses Garcia's present claim.

Under Texas law, "[w]aiver involves the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." Stephens v. LPP Mortg., Ltd., 316 S.W.3d 742, 748 (Tex. App. 2010). "The elements of waiver include (1) an existing right, benefit, or advantage held by a party, (2) the party's actual knowledge of its existence, and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right." Id. (citing Ulico Cas. Co. v. Allied Pilots Ass'n, 262 S.W.3d 773, 778 (Tex. 2008). "In other words, the terms of the note and the deed of trust clearly show that [the bank's] prior acceptance of late payments and forbearance from immediate acceleration did not constitute a waiver of [the bank's] right to accelerate and foreclose." Monsibaiz v. Bank of Am., N.A., No. 1:13-CV-180, 2014 WL 12588517, at *2 (S.D. Tex. July 1, 2014); see also Cruz v. JPMorgan Chase Bank, N.A., No. 7:18-CV-1, 2018 WL 689610, at *5 (S.D. Tex. Feb. 1, 2018) ("acceptance of late payments by itself does not constitute a waiver by [the bank] of its contractual rights"). The fact that Metropolitan Life chose to accept some late or incomplete payments does not constitute a waiver of its right to accelerate the note. For that reason, the claim is legally meritless and should be dismissed with prejudice.

### C. Notice of Default and Intent to Accelerate

Garcia alleges that Metropolitan Life failed to send a notice of default and intent to accelerate, in violation of Texas law. Even if factually true, this claim fails as a matter of law.

Under Texas law, "a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence" is entitled to "written notice by certified mail

---

Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). The Deed of Trust meets these requirements, allowing the Court to consider it without converting the motion into one for summary judgment.

stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of [foreclosure] sale." TEX. PROP. CODE § 51.002(d). Despite the entitlement, there is no private right of action for violations of this statute. Carey v. Fargo, No. CV H-15-1666, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (collecting cases); Daniels v. Regions Bank, No. 4:19-CV-00416-P, 2019 WL 4735800, at *4 (N.D. Tex. Sept. 27, 2019); Jones v. MTGLQ Inv'rs, L.P., No. 6:17-CV-522, 2019 WL 3806070, at *3 (E.D. Tex. June 24, 2019); Baker v. Wells Fargo USA Holdings, Inc., No. SA-19-CV-522-XR, 2019 WL 2501922, at *2 (W.D. Tex. June 17, 2019).

Rather, any such claim would, more accurately, be considered a claim for wrongful foreclosure. See Krishnan v. Zaidi, No. 4:19-CV-0063-ALM-CAN, 2019 WL 5691986, at *9 (E.D. Tex. Aug. 16, 2019), report and recommendation adopted, No. 4:19-CV-63, 2019 WL 4686363 (E.D. Tex. Sept. 26, 2019) ("Texas Property Code Chapter 51 provides [. . .] no private right of action to enforce its provisions as courts presently have interpreted it; courts construe such claims instead as those for wrongful foreclosure."). If the Court considers the claim as a wrongful foreclosure claim, Garcia fares no better.

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App. 2008). Moreover, even if the Court assumes that the lack of notice constitutes a defect in the proceedings, there has been no foreclosure sale. This simple fact is fatal to any claim for wrongful foreclosure. See Smitherman v. Bayview Loan Servicing, LLC, 727 F. App'x 787, 790 (5th Cir. 2018) ("Because the foreclosure sale had not occurred and [plaintiff] never lost possession of the property, [plaintiff's] wrongful foreclosure claim was premature and properly dismissed."). Accordingly, this claim is also legally meritless and should be dismissed with prejudice.

**D. Sanctions**

As noted above, all of Garcia's claims fail as a matter of law. This is not the first time that Garcia's counsel, Juan Angel Guerra, has filed such claims. Guerra has filed nearly identical claims on behalf of homeowners facing foreclosure in numerous cases.

At the risk of stating the obvious, Guerra's claims have been considered and rejected by three district judges in the McAllen Division in 22 cases.[5] Cruz v. JPMorgan Chase Bank, N.A., No. 7:18-CV-1, 2018 WL 689610, at *1 (S.D. Tex. Feb. 1, 2018); Tierranegra v. JPMC Specialty Mortg. LLC, No. 7:18-CV-347, 2019 WL 92190, at *1 (S.D. Tex. Jan. 2, 2019); Gomez v. Wells Fargo Bank, N.A., No. 7:17-CV-118, 2017 WL 1650200, at *1 (S.D. Tex. May 1, 2017); Sandoval v. Wilmington Sav. Fund Soc'y FSB, No. 7:18-CV-91, 2018 WL 7253972 (S.D. Tex. Dec. 10, 2018); Mena v. U.S. Bank, N.A., No. 7:17-CV-00394, 2018 WL 4103247 (S.D. Tex. July 5, 2018); Perez v. Wells Fargo USA Holdings, Inc., No. 7:19-CV-317, 2019 WL 6687704 (S.D. Tex. Dec. 6, 2019); MacDonald v. JPMorgan Chase Bank, No. 7:18-CV-289, 2019 WL 3361283 (S.D. Tex. July 25, 2019); Salinas v. Deutsche Bank Tr. Co. Americas, No. 7:18-CV-43, 2018 WL 4334019, at *1 (S.D. Tex. July 16, 2018); Cavazos Ramirez v. M&T Bank, et al., Civil Case No. 7:19-360; Tapia v. Loancare, LLC et al., Civil Case No. 7:19-296; MacDonald v. Colonial Savings et al., Civil Case No. 7:19-83; Hinojosa v. Carrington Mortgage Services, LLC et al., Civil Case No. 7:18-211; de Miranda v. Deutsche Bank National Trust Company et al., Civil Case No. 7:18-196; Guerra et al v. JP Morgan Chase Bank et al., Civil Case No. 7:18-190; Paredes v. Federal National Mortgage Association et al, Civil Case No. 7:18-149; Guerra v. Wells Fargo et al., Civil Case No. 7:18-148; Lopez et al v. Wilmington Savings Fund Society, FSB et al., Civil Case No. 7:18-108; Iglesias et al. v. Deutsche Bank National Trust Company et al., Civil Case No. 7:18-63; Perez et al. v. Wells Fargo USA Holdings, Inc. et al., Civil Case No. 7:18-59; Silva v. U.S. Bank National Association et al., Civil

---

[5] This list does not include cases where Guerra filed these claims, but the case was nonsuited, pursuant to FED. R. CIV. P. 41. In each of the cases listed, the presiding judge considered the substantive merits of the case.

Case No. 7:18-55; Malo et al. v. Wells Fargo Bank, N.A. et al., Civil Case No. 7:17-445; Candanosa v. Ocwen Loan Servicing, LLC et al., Civil Case 7:17-369.

His claims have further been considered and rejected by four judges in the Brownsville Division in nine separate cases. Garcia v. Deutsche Bank Tr. Co. Americas, No. 1:18-CV-075, 2018 WL 3999633 (S.D. Tex. July 19, 2018), report and recommendation adopted, No. 1:18-CV-075, 2018 WL 3996942 (S.D. Tex. Aug. 21, 2018); Martinez v. Ocwen Loan Servicing, LLC, No. 1:17-CV-106, 2018 WL 1413340 (S.D. Tex. Feb. 2, 2018), report and recommendation adopted, No. 1:17-CV-00106, 2018 WL 1415222 (S.D. Tex. Mar. 20, 2018); Vasquez v. Bank of Am., N.A., No. CV B-17-42, 2017 WL 7371195 (S.D. Tex. Dec. 15, 2017), report and recommendation adopted, No. CV B-17-042, 2018 WL 722636 (S.D. Tex. Feb. 5, 2018); Aranda v. Wells Fargo Bank, N.A. et al., Civil Case No. 1:19-131; Cruz v. Village Capital & Investment LLC, Civil Case No. 1:19-80; Cerrillo v. Bank United N.A. et al., Civil Case No. 1:19-57; Munoz v. Carrington Mortgage Services, LLC et al., Civil Case No. 1:19-40; Trevino v. The Bank of New York Mellon, Civil Case No. 1:18-146; Hernandez v. The Bank of New York et al., Civil Case No. 1:18-109.

His claims were also rejected in a case in the Northern District of Texas. Yardo v. CitiMortgage, Inc., No. 3:18-CV-3024-S-BK, 2019 WL 3044185 (N.D. Tex. June 19, 2019), report and recommendation adopted, No. 3:18-CV-3024-S-BK, 2019 WL 3034701 (N.D. Tex. July 11, 2019).

Furthermore, Guerra has twice been sanctioned for filing these type of claims. Guerra was sanctioned by Judge Michaela Alvarez. In her order, Judge Alvarez described the litigation in the following terms,.

> The complaints at issue here are form complaints filed in state court to pre-emptively stop scheduled foreclosure sales. The form complaints contain a variety of boilerplate claims; all the claims are devoid of legal merit. Yet, these form complaints are sufficient to receive temporary restraining orders in state court preventing imminent foreclosures. Thus, despite the complete lack of any claim supported by legal authority, the lawsuits based on these complaints can delay foreclosure proceedings, sometimes for years. The only

purpose of these lawsuits is to delay foreclosure. This contributes to economic and judicial inefficiency.

Tierranegra, Civil Case 7:18-347, Dkt. No. 14.

Judge Alvarez ordered Guerra to pay $1,000 in sanctions for filing the vexatious claims. Id.

In an earlier case, this Court sanctioned Guerra for filing similar claims. The Court stated that "[i]n light of the repeated dismissals and admonishments that Mr. Guerra has experienced with very similar claims, the filing of the current lawsuit warrants sanctions, so as to deter future similar conduct and to award [the bank] the attorneys fees it expended in defending against groundless claims." Cerrillo, Civil Case No. 1:19-57, Dkt. No. 10, p. 5. Guerra was ordered to pay $4,874.40 in attorney's fees as a sanction for filing a meritless lawsuit. Id.

Despite paying nearly $6,000 in sanctions, Guerra continues to file these claims.

Given the prior sanctions — as well as the numerous cases rejecting these claims on legal grounds — Guerra's decision to continue filing such claims cannot be accidental or the product of sloppy legal research. If Guerra had done no legal research other than to read the decisions in his previously filed cases, he would have known that his claims in this case had no basis in law.

Federal courts possess "inherent power" to "impose sanctions for abusive tactics." Coghlan v. Starkey, 852 F.2d 806, 817 n. 21 (5th Cir. 1988). Furthermore, when an attorney files "a pleading, written motion, or other paper," then the attorney automatically certifies to the Court that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b). The complaint in this case violates this edict. Indeed, these claims appear to have been filed merely for the purpose of unnecessarily delaying a foreclosure sale. In fact, they are not warranted by existing law, nor do they present a non-frivolous argument for changing that law.

"On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." FED. R. CIV. P. 11(c)(3).

Given that previous sanctions have failed to deter Guerra from filing meritless complaints to prevent otherwise-lawful foreclosures, the Court should issue an order for him to show cause as to why the Court should not impose further sanctions, pursuant to FED. R. CIV. P. 11(c)(3).

## IV. Recommendation

It is recommended that the motion to dismiss filed by Metropolitan Life Insurance be granted and this case be dismissed with prejudice to refiling. Dkt. No. 13.

It is further recommended that the Court issue an order for Juan Angel Guerra to show cause, pursuant to FED. R. CIV. P. 11(c)(3), as to why he should not be sanctioned for repeatedly filing meritless complaints.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings

on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on January 27, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge