United States District Court
Southern District of Texas
**ENTERED**
October 01, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANDREA GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-113 |
| | § | |
| METROPOLITAN LIFE | § | |
| INSURANCE COMPANY, et al., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On April 15, 2020, the Court ordered Juan Angel Guerra, counsel for Plaintiff Andrea Garcia, to pay $10,936.92 in sanctions to Defendants Metropolitan Life Insurance Company and Bayview Loan Servicing, LLC. Dkt. No. 23. Guerra was sanctioned for repeatedly filing meritless lawsuits; the sanction was designed to defray some of the costs of defense. Id.

On July 20, 2020, the Defendants filed a motion for contempt, noting that Guerra has failed to pay the sanctions. Dkt. No. 27.

On August 14, 2020, Guerra filed a motion to dismiss the sanctions order. Dkt. No. 27. The motions have been fully briefed. Dkt. Nos. 32, 33.

After reviewing the record and the relevant caselaw, it is recommended that motion for contempt be granted and the motion to dismiss be denied, as set out below.

## I. Background

The underlying factual issues in this case have already been decided, so the background will focus on the procedural history leading to the sanctions order.

On May 30, 2019, Garcia filed a complaint in the 103rd District Court in Cameron County, Texas. Dkt. No. 1-5. Garcia sued Metropolitan Life, Bayview and Connie Cobb — the substitute trustee — for claims relating to the pending foreclosure of her home.

On June 25, 2019, the case was removed to this Court. Dkt. No. 1.

On July 8, 2019, Garcia filed a motion to remand, making three arguments: (1) "this lawsuit does not involve a federal question"; (2) "the parties are not divers[e]"; and (3) "the amount in controversy is less than $75,000, excluding interest and costs." Dkt. No. 5.

On August 16, 2019, the undersigned issued a report and recommendation, which recommended that the motion to remand be denied. Dkt. No. 8. It found that federal question jurisdiction was unnecessary because the removal was premised on diversity jurisdiction; the value of the property at issue met the amount in controversy; and, that Garcia did not state a claim to relief against Cobb, making Cobb an improperly joined defendant. Id. Garcia did not object to the report and recommendation.

On September 10, 2019, the District Judge adopted the report and recommendation in full, denying the motion to remand and dismissing Cobb as a defendant. Dkt. No. 9.

On December 13, 2019, the Defendants filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 13. Garcia filed a response. Dkt. No. 16.

On January 27, 2020, the undersigned issued a report and recommendation, which recommended that the motion to dismiss be granted. Dkt. No. 17. It was further recommended that the Court issue an order for Guerra to show cause, pursuant to FED. R. CIV. P. 11(c)(3), as to why he should not be sanctioned for repeatedly filing meritless complaints. Id.

As to the recommendation that Guerra show cause, the report and recommendation noted Guerra had filed nearly identical claims in 32 different cases in front of eight different federal judges, all with the same result of dismissal. Id. It noted that he had twice been sanctioned for filing such cases and was ordered to pay nearly $6,000 in sanctions. Id. The report and recommendation stated that "[i]f Guerra had done no legal research other than to read the decisions in his previously filed cases, he would have known that his claims in this case had no basis in law." Dkt. No. 17, p. 10.

No objections were filed to the report and recommendation.

On February 19, 2020, the District Judge adopted the report and recommendation, dismissing Garcia's claims with prejudice for failure to state a claim upon which relief can be granted. Dkt. No. 20. The District Judge also ordered Guerra to file "a statement with

the Court showing cause, pursuant to Federal Rule of Civil Procedure 11(c)(3), as to why he should not be sanctioned for the repeated filing of meritless complaints, as detailed in the adopted Report and Recommendation." Id.

Guerra did not file a response; the order adopting the report and recommendation stated that the failure to timely file a response would be taken as "indicating agreement that the Court should order appropriate sanctions." Dkt. No. 20, pp. 1-2/

On March 12, 2020, the District Judge issued an order, which noted Guerra's lack of response and ordered the Defendants to file an affidavit as to the attorney fees it incurred in connection with this lawsuit. Dkt. No. 21.

On March 18, 2020, counsel for the Defendants filed the required affidavit. Dkt. No. 22.

On April 15, 2020, the District Judge issued the sanctions order, finding that "[t]he repeated dismissals, admonishments, and sanctions that Mr. Guerra has experienced with nearly identical lawsuits supports sanctions in this matter, to deter future similar conduct. The Court also finds that awarding Defendants at least a portion of their attorney's fees and costs is an appropriate sanction to deter Mr. Guerra and reduce the Defendants' cost of defending themselves." Dkt. No. 23.  Guerra was ordered to pay $10,936.92 in sanctions to the Defendants to "deter Mr. Guerra from filing similar frivolous lawsuits, while also defraying some of the Defendants' cost of defense." Id., p. 3.

On July 20, 2020, the Defendants filed a motion for contempt, noting that Guerra had not paid any part of the sanctions order, despite multiple attempts to contact him. Dkt. No. 27.  The Defendants noted that Guerra had continued to file similarly baseless lawsuits in Hidalgo County after the sanctions order was issued. Dkt. Nos. 27-4, 27-5.  The Defendants seek an additional $9,605.28 in sanctions for fees and costs incurred in seeking contempt and enforcing the sanctions award.

On August 14, 2020, Guerra filed a "Motion to Dismiss Sanctions Order and Plaintiff's Response to Defendant's Motion for Contempt and Brief in Support and Plaintiff's Suggestion of the Court's Lack of Jurisdiction." Dkt. No. 30.  While Guerra's arguments are somewhat convoluted, the Court understands them as follows.  Guerra

asserts that there can only be a single judgment in this case and because the order dismissing the case and the sanctions order are in different judgments, the sanctions order amended the dismissal order. Because the sanctions order did not address Garcia's substantive claims, "the plaintiff's causes of action are all viable." He further argues that the dismissal order did not constitute "a resolution of the case or controversy," in that it did not decide whether "there was a foreclosure and if there had been a foreclosure, to set said foreclosure aside it if was done improperly." Id., p. 5. Guerra also argues that the amount of sanctions imposed are excessive.

On August 31, 2020, the Defendants filed their response to Guerra's motion. Dkt. No. 32. They argued that Guerra waived any request to dismiss the sanctions order by not timely appealing that order. Id., p. 2. It also argued that the response and motion to dismiss lack substantive merit and further sanctions should be ordered.

On September 14, 2020, Guerra filed a reply brief, re-urging many of the same arguments made in his motion to dismiss. Dkt. No. 33.

## II. Applicable Law

### A. Civil Contempt

There are two forms of contempt of court: criminal and civil. Criminal contempt is "punitive" in nature and "imposed primarily for the purpose of vindicating the authority of the court." Petroleos Mexicanos v. Crawford Enterprises, Inc., 826 F.2d 392, 399 (5th Cir. 1987) (quoting U.S. v. Rizzo, 539 F.2d 458, 462 (5th Cir. 1976)). Civil contempt is designed to be "wholly remedial." Id. (quoting Southern Railway Co. v. Lanham, 403 F.2d 119, 124 (5th Cir. 1968). Any contempt sanction imposed in this case would be civil, rather than criminal.

In order to justify a finding of civil contempt, the Court must find "by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." U.S. v. City of Jackson, Miss., 359 F.3d 727, 731 (5th Cir. 2004). "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate

the complainant for losses sustained." U.S. v. Woodberry, 405 F. App'x 840, 843 (5th Cir. 2010) (quoting U.S. v. United Mine Workers of Am., 330 U.S. 258, 303–04 (1947)).

### III. Analysis

Guerra has sought to dismiss the sanctions order; the Defendants have sought for Guerra to be held in contempt. The Court will address each of these in turn.

**A. Motion to Dismiss**

Guerra's motion to dismiss the sanctions order is substantively meritless.

On February 19, 2020, the Court adopted the report and recommendation, ordering that "all of Plaintiff Andrea Garcia's causes of action are dismissed with prejudice." Dkt. No. 20. The Court kept the matter open to consider sanctions against Guerra. Id. On April 15, 2020, the Court issued the sanctions order. Dkt. No. 23.

Guerra argues that "there are two (2) judgment within the case's file. Neither of them addresses all issues and all parties and all causes of action within the four (4) corners of each document. Therefore the amended judgment is the official judgment." Dkt. No. 30, p. 3. The thrust of Guerra's argument is that the sanctions order amended the order adopting the report and recommendation, so that Garcia's claims are no longer dismissed and have been resurrected. Id. Put simply, this argument is nonsense.

The order which adopted the report and recommendation expressly dismissed Garcia's claims with prejudice, but kept the case open solely for the purpose of considering whether Guerra should be sanctioned for his conduct. Dkt. No. 20. It served as a final decision of the Court because it ended the litigation on the merits and left "nothing for the court to do but execute the judgment." Williams v. Midwest Employers Cas. Co., 243 F.3d 208, 209 (5th Cir. 2001). The decision as to whether to sanction Guerra was collateral to the main cause of action. Nogess v. Poydras Ctr., L.L.C., 728 F. App'x 303, 305 (5th Cir. 2018) (citing Jackson Marine Corp. v. Harvey Barge Repair, Inc., 794 F.2d 989, 991 (5th Cir. 1986)). There are not two judgments as to the substantive merits of the complaint in this case; there is one judgment about the substantive merit (Dkt. No. 20) and one collateral judgment as to the conduct of counsel (Dkt. No. 23).

Guerra argues that his conduct was not sanctionable. Dkt. No. 30. However, he has waived this argument. When the Court adopted the report and recommendation, it gave Guerra 14 days to file a statement "as to why he should not be sanctioned for the repeated filing of meritless complaints." Dkt. No. 20. Guerra failed to do so, waiving any arguments he had. Id. (holding that any failure to respond would be taken "as indicating agreement that the Court should order appropriate sanctions."). In fact, Guerra waited 177 days before replying to the order in any fashion.

Notwithstanding the substance of the order, which is correct, the Court should issue an amended sanctions order to indicate that sanctions are being imposed under Tex. R. Civ. P. 13, rather than Fed. R. Civ. P. 11. The sanctions were imposed in this case for Guerra filing a legally frivolous lawsuit in state court. Dkt. No. 23. Because the deficient complaint was filed in state court, the federal rules — including Federal Rule 11 — "do not apply to filings in state court, even if the case is later removed to federal court." Tompkins v. Cyr, 202 F.3d 770, 787 (5th Cir. 2000). Thus, the Court must utilize Tex. R. Civ. P. 13 to sanction meritless complaints that are filed in state court, but later removed to federal court. See id. ("If the state pleading rules did not apply, then nothing would govern the original pleadings in these cases, and a party who filed in bad faith might escape any penalty.").

This fact, however, does not alter the standard that was applied in the original sanctions order; it merely changes the label. Under Tex. R. Civ. P. 13, an attorney can be sanctioned if the Court determines "that the pleading was groundless, and that the pleading was brought either in bad faith or for the purpose of harassment." Tompkins, 202 F.3d at 787. In the original sanctions order, the Court expressly found that Guerra's conduct met this standard. See Dkt. No. 23, p. 1. Indeed, while the incorrect basis for the imposition of the sanction may have been cited, the Court employed the Fifth Circuit's decision in Tompkins, which employs the Texas Rule 13 standard.

The motion to dismiss the sanctions order should be denied. Thus, the Court turns to whether Guerra should be held in contempt for failure to comply with the sanctions order.

**B. Contempt**

As previously noted, the Court cannot issue a civil contempt sanction unless it finds, by clear and convincing evidence, that (1) there was a court order in effect; (2) the order required the respondent to engage in specified conduct; and, (3) the respondent failed to comply with the order. City of Jackson, Miss., 359 F.3d at 731. Each of these elements has been met in this case.

The sanctions order constituted a valid court order, meeting the first element. The Court required Guerra to pay the Defendants $10,936.92 to defray some of the costs of defense against this lawsuit, meeting the second element. The order did not give a specified time frame for Guerra to pay this sanction. However, an order of the Court "must be complied with promptly." Seven Arts Filmed Entm't Ltd. v. Jonesfilm, 538 F. App'x 444, 446 (5th Cir. 2013) (quoting Maness v. Meyers, 419 U.S. 449, 458 (1975)). Guerra made no attempt to promptly comply, despite the Defendants' attempting to reach Guerra to arrange payment. Dkt. Nos. 27-2, 27-3. Guerra has failed to pay, meeting the third element.

While the elements of civil contempt have been met, the Court must, nevertheless, consider whether civil contempt is appropriate. The Court must take into consideration: "(1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order." Lamar Fin. Corp. v. Adams, 918 F.2d 564, 567 (5th Cir. 1990) (citing United Mine Workers, 330 U.S. 258).

The sanctions order was issued, in part, to defray the cost of defense against a meritless lawsuit. The harm from non-compliance in this case is that the Defendants are not compensated for their losses. Any sanction that is issued should be done to prompt compliance, rather than to punish Guerra. As to the financial resources, Guerra has produced no evidence as to his financial resources or the burden that any further sanctions would impose upon him. In any event, the Court is mindful that the purpose of these proceedings is to provoke compliance, not to impose punishment. Such is the purpose to be satisfied by the identified sum.

Lastly, Guerra's refusal to pay can only be described as willful. He continues to maintain that he did nothing wrong by filing his complaint in this case, despite the fact that he has repeatedly filed nearly identical legal claims in other cases, and they have all been dismissed. As the Court noted in the report and recommendation, "[i]f Guerra had done no legal research other than to read the decisions in his previously filed cases, he would have known that his claims in this case had no basis in law." Dkt. No. 17, p. 10.

Furthermore, Guerra has continued to file similar complaints in state court in Hidalgo County after the issuance of the sanctions order. Dkt. No. 27-4. While the Court is not sanctioning him for filing the cases in Hidalgo County, the Court should consider those filings "in determining whether the conduct before it was taken in bad faith or undertaken with an improper motive." Clark v. Mortenson, 93 F. App'x 643, 653 (5th Cir. 2004). The continued refusal to cease filing such meritless complaints shows continuing willfulness and bad faith. Thus, civil contempt is appropriate in this case.

Accordingly, the Court should issue an amended sanctions order, which expressly holds that sanctions are being entered pursuant to TEX. R. CIV. P. 13, and ordering Guerra to pay the original sanctions amount of $10,936.92 to the Defendants within 14 days. If Guerra does so, then the contempt will be considered satisfied and the case will be closed.

If Guerra does not pay that sanctions amount within 14 days, then the Court should order him to pay an additional $5,000 to the Defendants, for a total payment of $15,936.92. The additional $5,000 is designed to: (1) further defray the costs of defense, especially the costs incurred with filing the motion for contempt; (2) provoke compliance with the Court order; and, (3) not burden Guerra beyond his financial means. Furthermore, if Guerra does not timely pay the original sanctions amount, he should be barred from practicing in the Southern District of Texas until the full $15,936.92 is paid.

**IV. Recommendation**

It is recommended that the motion to dismiss the sanctions order filed by Juan Angel Guerra be denied. Dkt. No. 30.

However, it is recommended that an amended sanctions order should be issued, noting that sanctions were imposed pursuant to Tex. R. Civ. P. 13, rather than Fed. R. Civ.

8

P. 11(b). The amended sanctions order should also give Guerra 14 days to pay the previously imposed sanctions of $10,936.92.

It is further recommended that the motion for contempt filed by the Defendants be granted. Dkt. No. 27.

The District Court should conclude that if Guerra timely pays the amended sanctions order, then he will satisfy the civil contempt and the matter will be considered closed.

On the other hand, if Guerra does not timely pay the amended sanctions order, then additional sanctions should be ordered. He should pay an additional $5,000 in sanctions to the Defendants and should be barred from practicing in the United States District Court for the Southern District of Texas until the full amount of $15,936.62 has been paid.

The Defendants should be responsible for filing a notice of satisfaction that the ordered amounts have been paid within three business days of full payment being made.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on October 1, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge